**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VANESSA P. A. EVELYN, an individual, and PETRA ALEXANDRA, INC., a New York Company, | ) ) ) ) | |
| Plaintiff(s), | ) ) | |
| v. | ) ) | Case No. 1:19-cv-4060 |
| JOHNSON PUBLISHING COMPANY, LLC D/B/A FASHION FAIR, DESIREE GLAPION ROGERS, KARYN PETTIGREW, FEELUNIQUE, THE BOOTS COMPANY PLC D/B/A BOOTS UK, MACY'S INC., DILLARD'S, INC., and DOES 1- 100 | ) ) ) ) ) ) ) | **JURY DEMAND** |
| Defendants. | ) ) | |

## COMPLAINT

NOW COME Plaintiffs, VANESSA P. A. EVELYN  and PETRA ALEXANDRA, INC. (hereinafter "Plaintiffs"), by and through their attorneys, Blaise & Nitschke, P.C., and pursuant to Title 17, Chapter 5 of the United States Code, complain against Defendants JOHNSON PUBLISHING COMPANY, LLC D/B/A FASHION FAIR, DESIREE GLAPION ROGERS, KARYN PETTIGREW, FEELUNIQUE, THE BOOTS COMPANY PLC D/B/A BOOTS UK, MACY'S, INC.,  DILLARD'S, INC., and DOES 1-100 (hereinafter "Defendants") for damages and injunctive relief. In furtherance whereof, Plaintiffs state as follows:

### JURISDICTION AND VENUE

1.      This action arises under the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.     This Court also has subject matter jurisdiction over Plaintiff's claims seeking damages for violations of state law pursuant to 28 U.S.C. § 1367(a) because said claims arise out of the same case or controversy over which, as set forth above, this Court already has proper subject jurisdiction.

3.     This Court has personal jurisdiction over Defendants in that, among other things, Defendants do business in this Judicial District, Defendant Johnson Publishing Company, LLC has its headquarters in this Judicial District, and Plaintiff does business and is suffering harm in this Judicial District.

4.     Jurisdiction is proper in this Judicial District pursuant to 28 U.S.C. §1332, as a complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00.

## THE PARTIES

5.     Plaintiff, Vanessa P. A. Evelyn ("Plaintiff Evelyn"), an individual, is a professional haute makeup artist for models, musicians and celebrities, with an impressive resume of experience collaborating with photographers and directors for renowned editorials and international advertising media. Plaintiff Evelyn is and was at all times mentioned in this Complaint a citizen of the United Kingdom and domiciled in London, UK.

6.     Plaintiff PETRA ALEXANDRA, INC., is a New York corporation serving as a private school that facilitates comprehensive makeup lessons and offers useful skills needed for entering the fashion, television, and music industries.

7.     Defendant Johnson Publishing Company, LLC d/b/a Fashion Fair Cosmetics (hereinafter "Fashion Fair"), is and was at all times mentioned herein an Illinois corporation with its headquarters located at 200 S. Michigan Avenue, 21st Floor, Chicago, Illinois 60604. Fashion

Fair's registered agent, CT Corporation System, is located at 208 S. LaSalle St., Ste 814, Chicago, Illinois 60604. With Ebony Magazine as its flagship publication, Johnson Publishing Company, LLC was the largest African-American-owned publishing firm in the United States at all times mentioned herein. Today, Fashion Fair focuses on the global business of specialty cosmetics and fashion.

8.      Defendant Desiree Glapion Rogers (hereinafter "Rogers"), an individual, was the CEO of Fashion Fair at all times relevant hereto. Rogers is domiciled in Chicago, Illinois.

9.      Defendant Karyn Pettigrew (hereinafter "Pettigrew"), an individual, is and was at all times mentioned herein the Vice President of Fashion Fair. Pettigrew is domiciled in Chicago, Illinois.

10.     Defendant Feelunique, a corporation, is Europe's largest premium online beauty retailer, registered in the United Kingdom, with over 400 brands and 30,000 products for sale. In 2017, the site partnered with Azoya to launch a website on China. Feelunique's registered address is Suite 1, 3rd Floor, 11-12 St. James's Square, London, SW1Y 4LB, United Kingdom.

11.     Defendant The Boots Company PLC d/b/a Boots UK Limited ("Boots UK"), is a pharmacy and beauty retail chain located in the United Kingdom and based in Nottingham, England. Boots UK is a subsidiary of Walgreens Boots Alliance, Inc. The Registered Office for Boots UK is located at 1 Thane Road West, Nottingham, NG2 3AA.

12.     Defendant Macy's Retail Holdings, Inc., a subsidiary of worldwide retailer Macy's Inc., is a New York corporation with its registered agent listed as Corporate Creations Network, located at 350 S Northwest Highway, Ste 300, Park Ridge, Illinois.

13.     Defendant, Dillard's Inc., is an American department store chain with approximately 292 stores in 29 states. Dillard's Inc. is an Arkansas corporation with its

registered agent listed as The Corporation Company, 124 West Capitol Ave, Suite 1900, Little Rock, AR 72201.

14.     Plaintiffs are informed and believe that each of the individual Defendants is an officer, director, agent, employee and/or beneficial owner of entity Defendants engaging in or having knowledge of the distribution of unauthorized copies of Plaintiffs' copyrighted work to or through at least one of the entity Defendants named herein. All of the Defendants have engaged in deeds, acts, or conduct in connection with the unauthorized use of copyright materials exclusively owned by Plaintiffs in the United States and the United Kingdom, and by conducting business in the State of Illinois through one or more of their officers, directors, agents, employees or representatives.

15.     At all times mentioned herein, Defendants are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

16.     Each individual Defendant had actual and/or constructive knowledge of the acts of all Defendants as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts.

## FACTUAL BACKGROUND

17.     On October 16, 2016, Plaintiffs created the photographical image called "PINKY" (hereinafter "*PINKY*" or the "Work") by scouting and selecting the model (Zenia Wilson p/k/a Zen), creating the make-up captured in the image, selecting the lighting and directing the photographer to capture specific angles and screen composition at Water Street Studio in Manhattan.

4

18.     On or about November 29, 2016, Plaintiffs were hired as the consulting Creative Director for Fashion Fair Cosmetics, a division of Johnson Publishing Company, LLC for a term to expire on December 31, 2017. *See* Professional Services Agreement (the "Agreement"), attached hereto as Exhibit 1.

19.     Pursuant to the Professional Services Agreement, Plaintiffs were to be compensated $10,000 per month for the duration of 12 months. *See* Exhibit 1.

20.     On January 19, 2017, Fashion Fair asked Plaintiff Evelyn to use the Work in connection with an article to be published in Ebony Magazine, as a "meet our Creative Director" piece. The Work was published in Ebony Magazine that year for the sole purpose of introducing Plaintiff as Fashion Fair's new Creative Director. Plaintiff expressly granted a limited license to use the Work only in connection with the Ebony Magazine article and the parties agreed that Fashion Fair would only be permitted additional uses with Plaintiff Evelyn's express permission and attribution.  *See* January 19, 2017 correspondence and communication referencing the agreement regarding the Work, attached hereto as Exhibit 2.

21.     Additionally, from December 7, 2016 until May 22, 2017, Defendant Fashion Fair commissioned Plaintiffs for various reformulations of foundations, concealers and lipsticks at $6,666 per product. Plaintiffs were owed a total of $36,664.00 in compensation for the product formulations executed during that time.

22.     On or about February 10, 2017, Defendants Desiree, Karyn, and Fashion Fair conducted a conference call with Plaintiff Evelyn, stating that Defendants would need to reevaluate the payment structure to Plaintiffs as "Fashion Fair Cosmetics is not in a good financial place at this time and will have to revisit how we are going to pay you going forward." *See* February 10, 2017 Correspondence titled "Call Recap", attached hereto as Exhibit 3.

23.     Defendants never formally terminated Plaintiffs, nor did they ever revisit the matter of Plaintiffs' employment as previously stated.

24.     Defendants Fashion Fair and Johnson Publishing never provided Plaintiff Evelyn with 30 days written notice of the termination of the Agreement as required by Paragraph 3 of the Agreement.

25.     At the time Plaintiff Evelyn was orally told of the organizational changes on or about February 10, 2017, Defendants Fashion Fair and Johnson Publishing owed Plaintiff $36,664.00 in compensation for product formulations, $10,000.00 per month for the duration of the one-year contract, and reimbursement accrued under the terms of the Agreement.

26.     Since Defendants Fashion Fair and Johnson Publishing failed to comply with the written notice provisions of the Agreement, Plaintiff Evelyn is entitled to collect the entire $120,000.00 due under the terms of the Agreement, plus the $36,664.00 in compensation for product formulations, less any amounts actually paid.

27.     Defendants Fashion Fair and Johnson Publishing only paid Plaintiff $10,000.00 of the $120,000.00 due under the terms of the Agreement, and $19,999.00 of the $36,664.00 owed for product formulations.

28.     Plaintiff Ms. Evelyn is due and owing $126,665 USD from Defendants.

I.     *Company Defendants Displayed Plaintiffs' Work Without Authorization As the Homepage Banner for Fashion Fair's Online Retail Site.*

29.     In 2017, Plaintiff Evelyn's *PINKY* was sighted on FeelUnique's retail website homepage: https://www.feelunique.com/. *See* FeelUnique homepage banners, attached hereto as Exhibit 4.

30.     On or about May 5, 2017, Plaintiff Evelyn sent a cease-and-desist letter to point-of-contact Desiree Rogers, CEO of Fashion Fair. Desiree responded stating rather ambiguously

that "[she has] forwarded to Karyn. [They] will investigate and take care of it". On or about July 31, 2018, Plaintiff Evelyn again confronted Defendants by emailing Karyn Pettigrew directly about the infringing uses and cease-and-desist request sent the previous year, for which Plaintiff Ms. Evelyn did not receive a response. *See* May 5, 2017 and July 31, 2018 Correspondences, attached hereto as Group Exhibit 5.

31.     Defendants did not have a license or any other form of consent to use Plaintiff Evelyn's copyrighted Work.

32.     None of the Defendants hold a license for the photographs taken during the *PINKY* shoot with model Zenia Wilson p/k/a Zen.

33.     None of the Defendants hold a license for any of the copyrighted materials authored by Ms. Evelyn and/or contained in the visual work, *PINKY*.

34.     None of the Defendants hold a license for Zenia Wilson's publicity rights.

35.     Defendants reproduced *PINKY*, the copyright work at issue in this case, without authorization.

36.     When Plaintiff Evelyn, however, requested proof of effective licenses for the use of the image, Defendants were unable to respond and produce the same. *See* Linda Johnson Rice read receipt, attached hereto as Exhibit 6.

37.     Plaintiff Evelyn is informed and believe that Defendants offered for sale and distributed cosmetics using the copyrighted work *PINKY* as advertisement for Fashion Fair's line of cosmetics in store locations in both the United States and the United Kingdom.

*II.  Company Defendants Used the Kiosks at Specified Retailers For Unauthorized Display of Plaintiffs' Copyrighted Work.*

38.     In March of 2017, Plaintiff Evelyn first became aware that Company Defendants had impermissibly manufactured, marketed, and distributed copies of PINKY at Fashion Fair

cosmetic kiosks to be used for their global campaign in Macy's and Dillard's store locations all over the United States and United Kingdom. *See* Group Exhibit 7.

39.     On or about October 6, 2018, Plaintiff Evelyn's *PINKY* was sighted at Fashion Fair Cosmetics' Kiosk at Debenhams London. *See* Exhibit 8.

40.     On or about November 3, 2018, Plaintiff Evelyn's *PINKY* was sighted at Fashion Fair Cosmetics' Kiosk in Macy's downtown Brooklyn location. *See* Exhibit 9.

41.     On March 24, 2017, Plaintiffs' *PINKY* was sighted by model Zen at a retail store in Dallas, Texas. *See* Exhibit 10.

42.     On July 17, 2018 and again on May 22, 2019, Plaintiff Evelyn sighted *PINKY* at the Fashion Fair Cosmetics' kiosk of Boots UK in London, location Woodgreen. *See* Group Exhibit 11.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 101, *ET SEQ.*)**
(Plaintiff Evelyn Against All Defendants)

43.     Plaintiff Ms. Evelyn re-alleges and incorporates by reference paragraphs 1 through 42 as if fully set forth herein.

44.     Plaintiff Evelyn's copyrighted Work has been unlawfully produced, adapted, and prominently featured in department stores and sighted as the homepage banner for various online cosmetic retailers throughout the United States and Europe. *See* Exhibits 4, Gr. 7, 8, 9, 10, Gr. 11.

45.     Plaintiff Evelyn has complied in all respects with the United States Copyright Acts of 1909, 1976, and all other laws governing copyright, including Plaintiff Evelyn's registration of a valid copyright and authorship as creator of the *PINKY* image at issue. *See* Certificate of Registration, attached hereto as Exhibit 12.

8

46.     Defendants have deliberately and intentionally used *PINKY*, owned by Plaintiff Evelyn without Plaintiff Evelyn's permission and in violation of Plaintiff Evelyn's copyright rights.

47.     Specifically, the infringed image has been used online for department store website advertisement purposes and featured in-store as large poster prints in numerous retail stores nationwide and in the United Kingdom.

48.     Defendants' use of the copyrighted Work does not constitute fair use, as it was used for Defendants' own commercial purposes and benefit.

49.     Defendants' acts of infringement are willful, in disregard of, and with indifference to the rights of Plaintiff Evelyn.

50.     Defendants' unauthorized use of the copyrighted work has caused Plaintiff Evelyn to receive demands for compensation from model Zenia Wilson p/k/a Zen for unauthorized use of the model's likeness in the image reproduced for Company Defendants' purposes. *See* May 2, 2017 Correspondence and August 22, 2018 Demand, attached hereto and incorporated herein as Group Exhibit 13.

51.     Defendants have substantially profited from the illegal use of Plaintiff Evelyn's work. As a direct and proximate result of Defendants' infringements, Plaintiff Evelyn is entitled to actual damages for the unauthorized use of the Work for an international ad-campaign in an amount to be proven at trial.

52.     As a direct and proximate result of Defendants' intentional infringements of Plaintiff Evelyn's work, and continued infringement after receipt of a demand to cease and desist, Plaintiff Evelyn is additionally entitled to statutory and enhanced damages and attorneys' fees and costs incurred in filing and maintaining this action.

WHEREFORE, Plaintiff Evelyn respectfully requests that this Court:

a. enter judgment in her favor and against all Defendants, awarding her actual damages for the unauthorized use of the copyrighted Work *PINKY*;

b. award her statutory and enhanced damages for intentional and continued infringement in an amount to be determined at trial;

c. award her costs and reasonable attorney's fees; and

d. grant such other relief as may be just and proper.

**SECOND CLAIM FOR RELIEF**
**CONTRIBUTORY COPYRIGHT INFRINGEMENT**
(Plaintiff Evelyn Against All Defendants)

53. Plaintiff Ms. Evelyn re-alleges and incorporates by reference paragraphs 1 through 52 as if fully set forth herein.

54. Defendants, with actual knowledge, have materially contributed to, intentionally induced, and/or caused unauthorized reproductions and adaptations of Plaintiff Ms. Evelyn's copyrighted Work in use for department store advertisements nationwide and in the United Kingdom.

55. Defendants' acts of infringement were and are willful, in disregard of, and with indifference to the rights of Plaintiff Evelyn.

56. As a direct and proximate result of Defendants' infringements, Plaintiff Evelyn is entitled to actual damages and disgorgement of Defendants' non-duplicative profits attributable to the infringement in an amount to be proven at trial.

WHEREFORE, Plaintiff Evelyn respectfully requests that this Court enter judgment in favor of Plaintiff Evelyn and against all Defendants for actual damages and disgorgement of

Defendants' non-duplicative profits attributable to Defendants' infringements in an amount to be

proven at trial, and for such other and further relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### VICARIOUS COPYRIGHT INFRINGEMENT AND LIABILITY
(Plaintiff Evelyn Against Defendants Desiree Glapion Rogers and Karyn Pettigrew)

57.     Plaintiff Ms. Evelyn re-alleges and incorporates by reference Paragraphs 1

through 56 as if fully set forth herein.

58.     Plaintiff Ms. Evelyn is informed and believes, and based thereon avers, that at all

times mentioned herein, Defendants Rogers and Pettigrew were in a position to supervise and/or

control the conduct of officers, agents, employees and other persons acting on behalf of

Company Defendants, and failed to exercise such supervision and/or control.

59.     As a direct and proximate cause of such failure, Defendants Rogers and Pettigrew

have infringed Plaintiff Evelyn's rights in the Work, as alleged above.

60.     Defendants Rogers and Pettigrew had a direct financial interest, through their

executive positions at Fashion Fair, in the activities that gave rise to Company Defendants'

unauthorized use of Plaintiff Ms. Evelyn's copyrighted work.

61.     Plaintiff Ms. Evelyn is informed and believes that the aforesaid acts on the part of

Defendants Rogers and Pettigrew were willful, intentional, purposeful, and in disregard of and

indifferent to the rights of Plaintiff Ms. Evelyn.

62.     Plaintiff Evelyn is entitled to actual damages and disgorgement of Defendants'

non-duplicative profits attributable to the infringement in an amount to be proven at trial.

WHEREFORE, Plaintiff Evelyn respectfully requests that this Court enter judgment in

favor of Plaintiff Evelyn and against Defendants Desiree Glapion Rogers and Karyn Pettigrew

for actual damages and disgorgement of Defendants' non-duplicative profits attributable to

Defendants' infringements in an amount to be proven at trial, and for such other and further

relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### EQUITABLE ESTOPPEL
(Plaintiff Evelyn Against All Defendants)

63.    Plaintiff Evelyn re-alleges and incorporates Paragraphs 1 through 61 as if fully set forth herein.

64.    Defendants knew that they had impermissibly infringed upon Plaintiff Evelyn's

intellectual property rights and model Zenia Wilson's publicity rights when Defendants

reprinted, without Plaintiff Ms. Evelyn's authorization, the *PINKY* image for display in retail

stores worldwide.

65.    Defendant Kirk's text reply and apology/admission of unauthorized use to

Plaintiff Evelyn were intended to induce Plaintiff Ms. Evelyn to not seek compensation for such

infringing uses.

66.    As a result of the foregoing, Defendants should be equitably estopped from

arguing that Plaintiff Evelyn waived any of her rights or otherwise granted Defendants implicit

license to use Plaintiff Evelyn's intellectual property rights.

67.    As a result of Defendants' wrongful conduct and subsequent admittance thereof,

Plaintiff Evelyn is further entitled to injunctive relief and statutory damages pursuant to 17

U.S.C. §1203.

68.    Plaintiff Evelyn is entitled to their costs, including reasonable attorneys' fees,

pursuant to 17 U.S.C. §1203.

WHEREFORE, Plaintiff Evelyn respectfully requests that this Court:

a.    enter judgment in her favor and against all Defendants for injunctive relief and

statutory damages pursuant to 17 U.S.C. §1203;

b.  award equitable estoppel of Defendants from any attempts to waive Plaintiff's

publicity and intellectual property rights;

c.  award her costs and reasonable attorney's fees; and

d.  grant such other relief as may be just and proper.

### FIFTH CLAIM FOR RELIEF
### NEGLIGENT HIRING AND SUPERVISION
(Plaintiff Evelyn Against All Company Defendants)

69.  Plaintiff Ms. Evelyn re-alleges and reincorporates by reference paragraphs 1

through 68 above as if fully set forth herein.

70.  That Company Defendants breached their duty/duties to Plaintiff Evelyn when

they failed to supervise the individual(s) they hired and/or retained to procure adequate licenses

and/or to maintain a licensing policy wherein the Company Defendants' goods and

advertisement did not violate the rights of others, like Plaintiff Evelyn's.

71.  That Company Defendants breached their duty/duties in other ways that may be

shown at trial.

72.  That due to the Company Defendants' breaches as described above, Plaintiff

Evelyn has been harmed in that the Defendants marketed and advertised their department store

name and sold products using the infringed image identified in paragraph 16, above.

73.  That had the Company Defendants hired, retained, and/or supervised qualified

licensing managers, the Company Defendants would not have infringed the rights of Plaintiff

Evelyn.

74.  That as the direct and proximate cause of the Company Defendants' actions

and/or omissions, Plaintiff Evelyn has been damages in the form of lost profits; gains and

advantages as a result of the Company Defendants' unauthorized uses of Plaintiff Evelyn's intellectual property rights.

WHEREFORE, Plaintiff Evelyn respectfully requests that the Court issue a judgment against all Company Defendants for all remedies available under a claim of negligent hiring and supervision including, but not limited to, actual damages in the form of lost profits, and Defendant's unauthorized uses of and profit from Plaintiff Evelyn's intellectual property rights, and such other relief as this Court deems just and proper.

**SIXTH CLAIM FOR RELIEF**
**BREACH OF CONTRACT**
(Plaintiffs Evelyn And Petra Alexandra, Inc. Against Defendants Fashion Fair And Johnson Publishing)

75.     Plaintiffs reallege and reincorporate by reference paragraphs 1 through 74 above as if fully set forth herein.

76.     The required elements of a breach of contract claim in Illinois are the standard ones of common law: "(1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages." *Ass'n Ben. Servs. v. Caremark Rx, Inc.*, 493 F.3d 841, 849 (7th Cir. 2007), quoting *MC Baldwin Fin. Co. v. DiMaggio, Rosario & Veraja, LLC*, 364 Ill. App. 3d 6, 845 N.E.2d 22, 30, 300 Ill. Dec. 601 (Ill. App. 2006).

77.     On or about November 15, 2016, Plaintiffs were engaged and entered into the role of consulting Creative Director for Fashion Fair Cosmetics for a term to expire on December 31, 2017, with Fashion Fair Cosmetics as the intended beneficiary.

78.     The engagement of Plaintiffs was contractually governed by the Professional Services Agreement (the "Agreement") dated on or about November 29, 2016. *See* Exhibit 1.

79. Plaintiffs Evelyn and Petra Alexandra, Inc have acted in good faith and performed all obligations under their contractual Agreement with Defendants Fashion Fair and Johnson Publishing.

80. Pursuant to ¶ 3 of the Agreement, Defendants Fashion Fair and Johnson Publishing are required to provide 30 days written notice of termination to Plaintiffs.

81. On or about February 10, 2017, Defendants Desiree, Karyn, and Fashion Fair conducted a conference call with Plaintiff Evelyn, stating that Defendants would need to reevaluate the payment structure to Plaintiffs as "Fashion Fair Cosmetics is not in a good financial place at this time and will have to revisit how we are going to pay you going forward."

82. Defendants never formally terminated Plaintiffs, nor did they ever revisit the matter of Plaintiffs' employment as stated.

83. Defendants have failed to faithfully and fully perform all of their obligations under the Agreement.

84. Defendants have materially breached the terms of the Agreement by not paying Plaintiffs in full for the services rendered on behalf of Fashion Fair Cosmetics, and that as of the time of the filing of this lawsuit remain unpaid.

85. Defendants Fashion Fair and Johnson Publishing never provided Plaintiffs with 30 days written notice of the termination of the Agreement consistent with Paragraph 3 of the Agreement, nor did Defendants provide Plaintiffs with the opportunity to cure.

86. As a result, Defendants have breached their contract and Agreement with Plaintiffs.

87. Plaintiffs have been damaged by Defendants in that business opportunities were lost during their anticipated commitment as Creative Director for Fashion Fair until the end of

the contracted December 21, 2017 term. In addition, Plaintiffs are damaged by the employment

amounts they should have collected had Defendants not breached their contract with Plaintiffs.

88.     Defendants Fashion Fair and Johnson Publishing only paid Plaintiffs $29,999 of

the $163,3289.00 due under the terms of the Agreement.

89.     Defendants Fashion Fair and Johnson Publishing have damaged Plaintiffs in

excess of $160,000.00 for the breach of contract claim.

WHEREFORE, Plaintiffs Evelyn And Petra Alexandra, Inc respectfully request that this

Court issue a judgment against Defendants Fashion Fair and Johnson Publishing for all remedies

available under a claim of breach of contract including, but not limited to, compensatory

damages in excess of $160,000.00, interest, and any other relief deemed just and proper by this

Court.

**SEVENTH CLAIM FOR RELIEF**
**VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT**
***IN THE ALTERNATIVE***
(Plaintiff Evelyn Against Defendants Fashion Fair And Johnson Publishing)

90.     Plaintiff Evelyn re-alleges and incorporates by reference paragraphs 1 through 89

of this Complaint as though fully set forth therein.

91.     The above-described amounts due to Plaintiff Evelyn constitute "final

compensation" within the meaning of the Illinois Wage Payment and Collection Act, 820 ILCS

115/2.

92.     Plaintiff Evelyn was at all times relevant an "employee" as defined in the Wage

Payment Act.

93.     Defendant Fashion Fair was at all times relevant an "employer" as defined in the

Wage Payment Act.

94. Defendant Johnson Publishing was at all times relevant an "employer" as defined in the Wage Payment Act.

95. Defendant Johnson Publishing was at all times relevant a corporate officer who is and was an individual decision maker who knowingly permitted the Wage Act Violation.

96. Section 5 of the Wage Payment Act contains the following prohibition:

> i. Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee. Where such employee requests in writing that his final compensation be paid by check and mailed to him, the employer shall comply with this request.

820 ILCS 115/5.

97. Defendants failed to pay Plaintiff Evelyn her final compensation owed as described throughout this Complaint.

98. As a result of the unlawful failure to pay, Plaintiff Ms. Evelyn suffered loss of wages and was otherwise damaged.

WHEREFORE, Plaintiff Evelyn respectfully requests that this Court:

a. enter judgment in her favor and against Defendants, Fashion Fair and Johnson Publishing, for the unpaid amount of her earned but unpaid wages which total at least $160,000.00;

b. award her statutory damages pursuant to Section 14 of the Wage Payment Act;

c. award her costs and reasonable attorney's fees;

d. award her pre-judgment interest on all amounts awarded; and

e. grant such other relief as may be just and proper.

**EIGHTH CLAIM FOR RELIEF**
**VIOLATION OF THE ILLINOIS RIGHT OF PUBLICITY ACT ("IRPA"), 765 ILCS**
**1075/10 *et seq. Right to Publicity***
(Plaintiff Evelyn Against All Defendants)

99.     Plaintiff Evelyn re-alleges and incorporates by reference paragraphs 1 through 98 as though fully set forth herein.

100.    By way of assignment from Zenia Wilson, Plaintiff Evelyn has a right to Publicity under IRPA, 765 ILCS 1075/10 *et seq. Right to Publicity.*

101.    Defendants may not publish, print, display or publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness as it relates to *PINKY* without express written or oral consent to such use.

102.    As set forth herein, Defendant has violated Plaintiff Evelyn's right to publicity by invading Plaintiff Evelyn's privacy, and the unauthorized use of the likeness of model Zenia Wilson.

103.    Despite the clear language of IRPA and at all relevant times, Defendants published, printed, displayed and/or publicly used Plaintiff Evelyn's Work on their website home page, social media outlets, and in department store makeup booths nationwide, for purposes of trade and/or commercial advertising including, but not limited to, promoting, advertising and marketing Fashion Fair Cosmetics. *See* Exhibits 4, Gr. 7, 8, 9, 10, Gr. 11.

104.    The respective website banner and social media outlet posts were designed to attract business and generate revenue for Fashion Fair Cosmetics.

105.    Upon information and belief, Defendant's use of Plaintiff Evelyn's image did in fact attract clientele and generate business for Fashion Fair Cosmetics.

106.    At all relevant times and at no point did Defendants ever receive permission or consent, be it written or otherwise, to use Plaintiff Evelyn's Work on their social media outlets, website homepage banners, or in department stores nationwide.

107.    Defendants took these actions without Plaintiff Evelyn's permission, consent or authority, be it written or otherwise. In fact, Defendants never sought permission nor authority to use Plaintiff Evelyn's Work to advertise, promote, market or endorse Defendants' businesses outside of the single purpose use for "Meet the Creative Director" editorial piece. *See* Exhibit 2.

108.    Plaintiff Evelyn never consented to, permitted, assigned, licensed, or otherwise agreed to Defendants' use of her Work to advertise, promote, market or endorse Defendants' businesses.

109.    Defendants were at all relevant times aware that they never received Plaintiff Evelyn's permission or consent to use their Work on any website or social media account, or on any other medium, in order to promote Defendants' businesses.

110.    At no point did Defendants ever compensate Plaintiff Evelyn for use of Zenia Wilson's image.

111.    No applicable privilege or authorization exists for Defendants' use of Plaintiff Evelyn's Work.

112.    Defendants intentionally or, at a minimum, recklessly, published, printed, displayed, or otherwise publicly disseminated or used Plaintiff Evelyn's image *PINKY*, without her express written or oral consent, for purposes of trade or for other commercial or advertising purposes.

113.    Defendant caused irreparable harm to Plaintiff Evelyn, their reputation and brand in the fashion industry, causing Plaintiff Evelyn to receive a demand from Model Zenia Wilson p/k/a Zen for the unauthorized use of her likeness. *See* Gr. Exhibit 13.

114. Defendants have also damaged Plaintiff Evelyn as a direct and proximate result of their unauthorized use of Plaintiff Evelyn's image, likeness and/or identity without compensating Plaintiff.

115. Due to Defendants' violation of Plaintiff Evelyn's rights of privacy and publicity under IRPA, Plaintiff has been damaged in an amount to be determined at trial, exclusive of punitive and exemplary damages.

116. In addition, Plaintiff Evelyn hereby requests that this Court enter an order permanently enjoining Defendants from violating Plaintiff Evelyn's rights to privacy and publicity.

117. In addition, Plaintiff Evelyn hereby requests an award of punitive damages, in an amount to be determined at trial, due to Defendants' knowing and intentional violation of Plaintiffs' statutory rights to privacy and publicity.

WHEREFORE, Plaintiffs respectfully request that the Court issue a judgment against Defendants for all remedies available under a claim of misappropriation including, but not limited to, actual damages, costs, interest, and restitution of Defendants' unlawful proceeds, including Defendant's profits and other relief deemed just and proper by this Court.

## NINTH CLAIM FOR RELIEF
## ACTION FOR TEMPORARY AND PERMANENT RESTRAINING ORDER OR OTHER INJUNCTION RELIEF
### (Plaintiff Evelyn Against All Defendants)

118. Plaintiff Evelyn re-alleges and reincorporates by reference paragraphs 1 through 117 as if fully set forth herein.

119. Plaintiff Evelyn seeks the entry of a temporary restraining order and a preliminary and permanent injunction to return the Parties to, and to maintain the status quo, that existed and was to exist among the Parties, including but not limited to restraining Defendants from

continued unlawful production, adaptation, use of, and profit from the copyrighted Work *PINKY* in department stores and online for retailers throughout the United States and Europe.

120.    Injunctive relief to return the Parties to the status quo ante is appropriate under the circumstances because Plaintiff Evelyn's rights under the Agreement and U.S. copyright law are not subject to any legitimate dispute by Defendants and the denial of Plaintiffs' rights to the Work cannot be remedied by an award of money damages or through the granting of other relief.

121.    Plaintiff Evelyn has suffered, and will continue to suffer, immediate and irreparable harm by reason of the conduct described above. Such immediate and irreparable harm includes, but is not limited to, the loss of business revenue and the loss of reputation.

122.    Plaintiff Evelyn does not have an adequate remedy at law to protect and re-establish the rights which currently have been, and continue to be, violated by Defendants' actions. Plaintiff Evelyn's rights cannot be obtained except through injunctive relief returning the Parties to the status quo ante.

123.    Entering the injunctive relief that Plaintiff Evelyn is seeking will cause the Defendants no economic harm. Defendants have no right whatsoever to claim any interest in the Work, nor do Defendants have the legal right to participate in any profits of the Work or engage improperly in taking profits from the Work, in contravention to the laws of the state of Illinois. Defendants will suffer no loss, economic or otherwise, if compelled to act in accordance with the law.

124.    There is a reasonable likelihood that the Plaintiff Evelyn will succeed on the merits of their claims.

WHEREFORE, the Plaintiff Vanessa P. A. Evelyn prays that this Honorable Court:

a. Grant a TRO and preliminary injunction pending a full hearing on the merits returning the Parties to the status quo ante by enjoining and restraining Defendants from claiming any interest in the Work;

b. Enjoin and restrain Defendants from taking profit from the Work and claiming any share of the profits;

c. Award Plaintiff her costs of suit; and

d. Grant such other or further relief as this Honorable Court deems just.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, VANESSA EVELYN and PETRA ALEXANDRA, INC., by and through their attorneys, Blaise and Nitschke, P.C., respectfully request that this Honorable Court enter judgment against Defendants, JOHNSON PUBLISHING COMPANY, LLC D/B/A FASHION FAIR, DESIREE GLAPION ROGERS, KATRESE KIRK, FEELUNIQUE, THE BOOTS COMPANY PLC D/B/A BOOTS UK, MACY'S, INC., AND DILLARD'S, INC, jointly and severally, for:

A. Compensatory damages for each of Defendants' unauthorized use of the Copyright Materials;

B. An accounting for, and payment to Plaintiffs as actual damages, all of the following sums:

C. Additional damages for an amount determined at trial for unfair and deceptive trade practices, competition, and false endorsement;

D. Punitive damages for Defendants' oppression, fraud, or malice;

E. Compensatory damages against Defendants for negligent hiring, retention and supervision;

F.      Reasonable attorneys fees;

G.      The cost of this action, including, but not limited to, expert fees;

H.      A permanent injunction enjoining Defendants from infringing upon the

Copyrighted Work in any manner whatsoever.

I.       Equitably estopping Defendants from asserting any defense relating to their

issuance of purported monies for infringing uses;

J.       Pre-judgment interest according to law; and

K.      Such other and further relief as this Honorable Court deems just and proper.

<b>JURY DEMAND</b>

Plaintiff demands trial by jury on all claims.

Respectfully Submitted,
VANESSA EVELYN
And PETRA ALEXANDRA,
INC.,

By:     */s/ Heather L. Blaise*
One of Plaintiffs' attorneys

Blaise &Nitschke, P.C.
123 N. Wacker Drive, Suite 250
Chicago, Illinois 60606
T: (312) 448- 6602
F: (312) 803-1940
hblaise@blaisenitschkelaw.com
ARDC No. 6298241

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, being first duly deposes and states that the above and attached was served to all parties of record via the CM/ECF electronic filing system on this 17th day of June 2019.

*/s/ Heather L. Blaise*
Heather L. Blaise, Esq.